# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

COMPASS BUILDING SERVICES, LLC,

    Plaintiff,

v.                                      Case No: 8:25-cv-3228-CEH-TGW

ANDREA P. KOCH, HUBERT KOCH, BALINDA GONSER, and TODD DEHN

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand and for Attorneys' Fees and Costs (Doc. 12) and Defendant Andrea P. Koch's Amended Opposition to Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs (Doc. 20).[1] Plaintiff Compass Building Services, LLC argues this case should be remanded because Defendant Andrea P. Koch has not established that the parties are diverse for diversity jurisdiction. The Court, having considered the motion and being fully advised in the premises, agrees with Plaintiff and will grant its Motion to Remand.

**I.    BACKGROUND**

---

[1] Defendant Andrea P. Koch filed an Amended Response without the opposing party's written consent or leave from the Court. The Court exercises its discretion to accept the amended response and will consider it the operative brief in opposition to Plaintiff's motion for remand.

On August 13, 2025, Plaintiff Compass Building Services, LLC filed a complaint against Defendants Andrea P. Koch, Hubert Koch, Balinda Gonser, and Todd Dehn in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. Doc. 11. Compass raises claims arising from alleged defamatory statements made by Defendants. *Id.* Defendant Andrea P. Koch filed a Notice of Removal on November 21, 2025, alleging that jurisdiction is proper under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. Doc. 1 at 1-2.

On December 1, 2025, Compass filed a Motion to Remand and for Attorneys' Fees and Costs. Doc. 12. Compass argues that there is no diversity jurisdiction in this case because it is a citizen of Florida and Idaho and Defendant Balinda Gonser is a citizen of Florida. *Id.* at 4.

On December 19, 2025, Defendant Andrea Koch filed an Amended Opposition to Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs. Doc. 20. Koch does not dispute that Gonser is not diverse from Compass. Koch instead argues that Compass fraudulently joined Gonser to defeat federal subject matter jurisdiction and fraudulently pled its own citizenship. *Id.*

## II.  LEGAL STANDARD

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fednner & Smith, Inc.*, 292 F.3d 1334,

2

1337 (11th Cir. 2002) (abrogated on other grounds). The doctrine of fraudulent joinder provides an exception to the diversity of citizenship requirement. *Tran v. Waste Mgmt., Inc.*, 290 F. Supp 2d 1286, 1292 (M.D. Fla. 2003).

Fraudulent joinder occurs in three situations: (1) when there is no possibility that a plaintiff can prove its claims against a non-diverse defendant; (2) when there is outright fraud by the plaintiff in the pleading of jurisdictional facts; and (3) when a "diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). "When a plaintiff names a non-diverse defendant solely in order to defeat diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

The burden of proving fraudulent joinder rests on the moving party, *Tran*, 290 F. Supp. 2d at 1293, and is a "heavy one," *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1268, 1380 (11th Cir. 1998). The moving party must prove one of the three circumstances by clear and convincing evidence. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). And it must prove that it would not be possible for a state court to find that "plaintiff[s] state even a colorable claim against the resident defendant." *Pacheco de Perez*. at 1380. Otherwise, joinder is proper and the case should be remanded to state court. *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th

Cir. 2003). A plaintiff's reason for joining a specific defendant is not relevant "as long as the plaintiff has the intent to pursue a judgment against the defendant." *Triggs*, 154 F.3d at 1290–91. In determining whether remand is appropriate, a district court evaluates the allegations of the complaint in the light most favorable to the plaintiff, resolving any uncertainties regarding state law in favor of the plaintiff. *Crowe* at 1538; *see also Legg v. Wyeth*, 428 F.3d 1317, 1322-1323 (11th Cir. 2005) (explaining that resolving a fraudulent joinder issue is similar, procedurally, to resolving a motion for summary judgment). The Court may consider affidavits and deposition transcripts submitted by the parties. *Crowe*, 113 F.3d at 1538.

### III. DISCUSSION

#### a. Fraudulent Joinder

In her Notice of Removal, Koch argues that Gonser was fraudulently joined in this suit. Doc. 1 at 8. Koch indicated that she would provide competent evidence in opposition papers that Gonser was included as a defendant solely to insulate the case against removal. *Id.* In responding to the motion to remand, Koch claims that Compass' complaint included statements that Hubert Koch and Todd Dehn are residents of Florida and Compass later added Gonser after realizing Hubert Koch and Dehn were not Florida residents. Doc. 20 at 14. Koch also contends that Compass has no possible claim against Gonser.

Koch has failed to meet her heavy burden of showing fraudulent joinder. Gonser was named a defendant in the only complaint (Doc. 11) filed with this court.

Koch does not provide any evidence to suggest Gonser was added solely to defeat federal jurisdiction. *See* Doc. 11 at 5.

Koch has also failed to show that it would be impossible for a state court to find that Compass has a colorable claim against Gonser.

Under Florida law, to state a claim of libel, the plaintiff must allege that "(1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015). Under a libel per se claim, the plaintiff does not need to show any damages because the per se "defamatory statements are so obviously defamatory and damaging to reputation that they give rise to an absolute presumption both of malice and damage." *Id.* (citation modified). A publication is libelous per se when: "(1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Richard v. Gray*, 62 So. 2d 597, 598 (Fla. 1953).

Compass asserts a libel per se claim against Gonser in Count V. *Id.* at 38. Compass alleges that it is GAF certified and Gonser made statements to the contrary. Doc. 11 at 30–32. Compass includes screenshots of Gonser's alleged defamatory statements. *Id.* In one of the screenshots, Gonser says "Compass is NOT even GAF certified and that[']s a big deal!" Doc. 11 at 31. In her answer to the complaint, Gonser admits that she made this statement. Doc. 9, Answer filed October 1, 2025. Thus, it cannot definitively be stated that Gonser was fraudulently joined and that no arguable

5

claim exists under state law against her. *See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 6:10-cv-1445, 2010 WL 4941666, at *3–8 (M.D. Fla. Nov. 3, 2010) (rejecting an argument that an employee was fraudulently joined because the plaintiff had a plausible claim against the employee).

Koch also argues that Compass fails to identify the citizenship of its members in its complaint. Doc. 20 at 13. "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017). As the removing party, Koch has the burden to establish Compass' citizenship. Additionally, Compass has previously disclosed the citizenship of its members to Koch. Prior to Koch's filing of a Notice of Removal, Compass sent her a copy of its 2025 Florida Annual Report, which included Plaintiff's registered name, members, and member's addresses. Doc. 12-6.

Because Compass and Gonser are both citizens of Florida, diversity of citizenship does not exist. Thus, this Court does not have subject matter jurisdiction over this action.

### b. Costs and Fees

Compass seeks costs and fees pursuant to 28 U.S.C. § 1447(c), which permits a court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should

be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).

Here, Koch lacked an objectively reasonable basis for seeking removal. Prior to removal, Compass communicated to Koch that it is a citizen of Florida along with supporting documentation and that removal would be improper because Gonser is also a Florida citizen. Doc. 12 at 5–6. Compass also informed Koch "there is no basis for removal of the case to federal court . . . [and] if you choose to [remove], we will seek recovery of fees and costs against you, including pursuant to 28 USC 1447(c)." *Id.* at 6. Koch responds to Compass, "I have an objectively reasonable basis for seeking removal based on diversity jurisdiction, supported by competent evidence." *Id.* at 7. Koch does not present any evidence outside of her own conclusory statements that Compass fraudulently joined Gonser to defeat diversity jurisdiction. The Court finds that Koch lacked an objectively reasonable basis for removal of this action. Thus, an award of just costs and actual expenses, including attorney's fees is appropriate.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Remand and for Attorneys' Fees and Costs (Doc. 12) is **GRANTED**.

2. The case is **REMANDED** to the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

4. The Court retains jurisdiction over this action for the limited purpose of determining the attorney's fees and costs to be awarded.

5. To recover its costs and actual expenses, Plaintiff shall file an affidavit, supporting documentation, and memorandum of law in support of its costs and attorney's fees on or before February 28, 2026. Plaintiff shall confer with Defendant Koch in an effort to agree upon an appropriate attorney's fee and cost award prior to filing these documents.

**DONE** and **ORDERED** in Tampa, Florida on January 28, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any