## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

COMPASS BUILDING SERVICES,
LLC,

     Plaintiff,

v.

                                  Case No: 8:25-cv-3228-CEH-TGW

ANDREA P. KOCH, HUBERT
KOCH, BALINDA GONSER, and
TODD DEHN

     Defendants.

---

## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 24). The Motion was referred to the magistrate judge for a report and recommendation. The magistrate judge issued a Report and Recommendation ("R&R") granting Plaintiff's Motion and awarding Plaintiff $7,022.00 in attorneys' fees under 15 U.S.C. § 1447(c) (Doc. 25). Defendant Andrea P. Koch, who is proceeding *pro se*, filed her objections to the R&R (Doc. 26) and Plaintiff filed its response to her objections (Doc. 27).

On August 13, 2025, Plaintiff Compass Building Services, LLC filed a complaint against Defendants Andrea P. Koch, Hubert Koch, Balinda Gonser, and Todd Dehn in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. Doc. 11. Andrea P. Koch ("Defendant") filed a Notice of Removal on November 21, 2025, alleging that jurisdiction is proper under 28 U.S.C. § 1332

because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. Doc. 1 at 1-2. On December 1, 2025, Compass filed a Motion to Remand and for Attorneys' Fees and Costs. Doc. 12. The Court entered an Order granting Plaintiff's Motion to Remand and for Attorneys' Fees and Costs and retained jurisdiction over this action for the limited purpose of determining the attorneys' fees and costs to be awarded. In the Court's Order, Compass was instructed to file an affidavit, supporting documentation, and memorandum of law in support of its costs and attorneys' fees on or before February 28, 2026. On February 26, 2026, Compass filed its Motion for Attorneys' Fees and Costs (Doc. 24) along with an affidavit from Attorney Kevin Paule and billing records (Doc. 24-1).

On April 6, 2026, the magistrate judge issued a Report and Recommendation ("R&R") granting Plaintiff's Motion for Attorneys' Fees and Costs and awarding Plaintiff $7,022.00 in attorneys' fees under 15 U.S.C. § 1447(c) (Doc. 25). On April 20, 2026, Defendant Andrea P. Koch filed Objections to the Report and Recommendation (Doc. 26). In her Objections, Defendant argues that Plaintiff perpetrated a fraud on the Court by submitting false evidence in support of its Motion to Remand. *Id.* at 5. On May 1, Plaintiff filed its Response to Andrea P. Koch's Objections to Report and Recommendation (Doc. 27). Plaintiff argues that Defendant's objection is improper because she exclusively challenges its Motion to Remand.

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a de novo determination

2

of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

## DISCUSSION

Defendant objects to the R&R on the ground that Compass has committed a fraud on the Court by submitting false evidence to the Court in support of its Motion to Remand and for Attorneys' Fees and Costs. Her objection is not a proper one because it does not address any of the findings in the R&R. Rather, she seeks to relitigate an issue previously decided when the Court issued its Order granting Plaintiff's Motion to Remand. [1] *See* Doc. 22 at 4 ("Koch has failed to meet her heavy burden of showing fraudulent joinder.").

---

[1] In a footnote in her Objection to Report and Recommendation, Defendant states that she agrees with the magistrate judge that the attorney fees are on the high side. Doc. 26 at 2 n.1. However, she goes on to say that this issue is irrelevant because Plaintiff perpetrated a fraud on the Court. *Id.* Additionally, she makes "no argument as to how much those rates should be reduced and provides no evidence (or case law) to refute the reasonableness of the requested hourly rates." *See S & S Packing, Inc. v. Spring Lake Ratite Ranch, Inc.*, No. 5:13-CV-386-WTH-PRL, 2016 WL 7733982, at *2 (M.D. Fla. Oct. 28, 2016), *report and*

Upon consideration of the Report and Recommendation and Plaintiffs' objections thereto, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation (Doc. 25) should be adopted.

Accordingly, it is

**ORDERED:**

1.  Defendant Andrea P. Koch's objections to the Report and Recommendation of the Magistrate Judge (Doc. 26) are overruled.

2.  The Report and Recommendation of the Magistrate Judge (Doc. 25) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

3.  Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 24) is granted.

4.  Pursuant to 28 U.S.C. § 1447(c), Plaintiff is awarded $7,022.00 in attorneys' fees.

5.  The Clerk is directed to enter Judgment in favor of Plaintiff Compass Building Services, LLC and against Defendant Andrea P. Koch in the amount of $7,022.00.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any

---

*recommendation adopted*, No. 5:13-CV-386-WTH-PRL, 2017 WL 111593 (M.D. Fla. Jan. 11, 2017). Thus, the Court will not consider this argument.